RILEY et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 6, 1895.)

No. 489.

Customs Duties—Classification—Dress Shields.

Dress shields, made of cotton and India rubber, India rubber being the component material of chief value, are dutiable as manufactures of India rubber, under Act Oct. 1, 1890, par. 460, and should not be classified under the proviso of paragraph 349 of the same act, which is confined to clothing and wearing apparel of which cotton is the component part of chief value.

This was an application by W. H. Riley & Co., importers of certain dress shields, for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on such merchandise.

Albert Comstock (of Comstock & Brown), for importers.

James T. Van Rensselaer, Asst. U. S. Atty., for collector.

COXE, District Judge (orally). The importations involved in this controversy are dress shields made of cotton and India rubber, India rubber concededly being the component part of chief value. The collector classified them under paragraph 349 of the tariff act of 1890. The importers protested, insisting that they should have been classified under paragraph 460 of the same act. The simple question is whether or not paragraph 349 is confined in the main clause as well as in the proviso to clothing and wearing apparel of which cotton is the component material of chief value. If it be so confined, it is clear that the collector's classification was wrong. I think that it is so confined. This appears not only from the paragraph itself, but also by a comparison with paragraph 413 of the silk schedule, which contains a proviso in precisely the same language. As the collector was wrong in assessing duty under paragraph 349, it is clear that the importers are right in insisting that their importations are dutiable under paragraph 460 as manufactures of India rubber. The decision of the board of general appraisers as to "Item 230" is reversed; in all other respects it is affirmed.